**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

JOSEPH BERRY,

Plaintiffs,

v.

PRAXAIR DISTRIBUTION, INC.,

Defendant.

Case No.: 1:20-cv-1725 JLT SKO

ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

(Doc. 30)

Joseph Berry asserts that there was a step in the handicap exit at Praxair Distribution Inc.'s location, which did not comply with the Americans with Disabilities Act. Berry asserts this step caused him to slip and fall, which caused him injury. (*See* Doc. 3-1 at 5.)

Praxair seeks dismissal of the action pursuant to Rule 41 of the Federal Rules of Civil Procedure. (Doc. 30.) Berry has not opposed the motion. The Court finds the matter suitable for decision without oral arguments, and no hearing date will be set pursuant to Local Rule 230(g) and General Order 618. Because Berry failed to take action to prosecute this action and failed to comply with several orders of this Court, the motion to dismiss is **GRANTED**.

## I. Procedural History

Berry initiated this action by filing a complaint for personal injuries in Fresno County Superior Court, Case No. 20CECG03205, on October 29, 2020. (Doc. 3-1 at 2.) Praxair filed a Notice of Removal on December 4, 2020 (Doc. 7), thereby initiating the matter before this Court.

The Court issued its new civil case documents on December 8, 2020, including its "Order Setting Mandatory Scheduling Conference," which informed the parties that a conference with the Court was set for February 25, 2021. (Doc. 8 at 1.) The Court directed the parties to prepare a Joint Scheduling Report in advance of the conference, and indicated "[a]ttendance at the Scheduling Conference is ***mandatory*** upon each party not represented by counsel or by retained counsel." (*Id.* at 2, emphasis in original.) In addition, the Court informed the parties that terminating sanctions, including dismissal, may result "[s]hould counsel or a party appearing *pro se* fail to appear at the mandatory scheduling conference, or fail to appear at the mandatory scheduling conference, or fail to comply with the directions…." (*Id.* at 6, emphasis omitted.)

On February 18, 2021, Praxair filed a Rule 26 Scheduling Report, and informed the Court that Berry did not respond to a request for information for the report. (Doc. 11 at 1.) Berry did not appear at the scheduling conference, so the Court continued it. (Doc. 13.) At that time, the Court ordered: "Failure to comply with this order may be grounds for the imposition of sanctions on… any party or parties who cause non-compliance with this order." (*Id.*) Again, Berry failed to appear at the conference, so the Court continued the matter again. (Doc. 16.)

At the continued conference, Berry appeared telephonically. (Doc. 18.) The Court issued the scheduling order soon thereafter, which set the deadlines governing the action. (Doc. 19.) The Court ordered the parties to exchange initial disclosures no later than April 9, 2021. (*Id.* at 1, 2.) In addition, the Court ordered the parties to complete non-expert discovery no later than September 30, 2021. (*Id.* at 1, 3.) Praxair reports that to date, it has not received initial disclosures from Berry or responses to the discovery requests Praxair served on March 24, 2021. (Doc. 30-1 at 3.)

The Court ordered the parties to file a joint statement proposing settlement conference dates on October 28, 2021, noting they had failed to comply with this instruction from the Scheduling Order. (Doc. 22.) In addition, the Court indicated: "**Failure to comply with this order may be grounds for the imposition of sanctions on any and all counsel as well as any party or parties who cause non-compliance with this order**." (*Id.*, emphasis in original.) On November 12, 2021, Praxair filed a status report and reported "Defense Counsel unsuccessfully attempted to meet and confer in writing and by telephone with [Berry] regarding proposed settlement conference dates." (Doc. 27 at 1, emphasis


omitted.) In addition, Praxair requested the Court "order Plaintiff to comply with Rule 26 and prior Court orders," and requested permission to proceed with motions to compel discovery. (Doc. 27 at 2.) However, the magistrate judge did not issue an order in response to the requests made in the status report.

On February 18, 2022, Praxair filed the motion to dismiss for lack of prosecution now pending before the Court. (Doc. 30.) According to Praxair, the company informed Berry of its intent to file a motion to dismiss for lack of prosecution prior to the filing of the motion. (Doc. 30-1 at 6, citing Nissen Decl. ¶ 24 [Doc. 30-2 at 6].) Praxair did not receive a response from Berry (*id.*), and no opposition to the motion to dismiss was filed with the Court.

## **II. Failure to Prosecute and Obey the Court's Orders**

Pursuant to Rule 41 of the Federal Rules of Civil Procedure, "If [a] plaintiff fails to prosecute or to comply with . . . a court order, a defendant may move to dismiss the action or any claim against it. Fed. R. Civ. P. 41(b). Likewise, this Court's Local Rules provide: "Failure of counsel or of a party to comply with . . . any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court." LR 110.

The Ninth Circuit explained, "District courts have inherent power to control their dockets," and in exercising that power, a court may impose sanctions including dismissal of an action. *Thompson v. Housing Authority of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action with prejudice based upon a party's failure to obey a court order, failure to prosecute an action, or failure to comply with local rules. *See, e.g., Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with a court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute).

## **III. Discussion and Analysis**

To determine whether to dismiss for failure to prosecute and failure to comply with Court orders, the Court must consider several factors, including: "(1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability

of less drastic sanctions." *Henderson*, 779 F.2d at 1423-24; *see also Ferdik*, 963 F.2d at 1260-61; *Thomspon*, 782 F.2d at 831.

**A. Public interest and the Court's docket**

In the case at hand, the public's interest in expeditiously resolving this litigation and the Court's interest in managing the docket weigh in favor of dismissal. *See Yourish v. Cal. Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999) ("The public's interest in expeditious resolution of litigation always favors dismissal"); *Ferdik*, 963 F.2d at 1261 (recognizing that district courts have inherent interest in managing their dockets without being subject to noncompliant litigants). This Court cannot, and will not hold, this case in abeyance based upon Berry's failure to comply with the Court's ordered deadlines and failure to take action to prosecute his claims. Indeed, it appears no action has taken in this matter other than his appearance at the *third* scheduling conference set by the Court. Accordingly, these factors weigh in favor of dismissal of the action.

**B. Prejudice to Defendant**

To determine whether Praxair has been prejudiced, the Court must "examine whether the plaintiff's actions impair the … ability to go to trial or threaten to interfere with the rightful decision of the case." *Malone*, 833 F.2d at 131 (citing *Rubin v. Belo Broadcasting Corp*., 769 F.2d 611, 618 (9th Cir. 1985)) In this case, Berry failed to comply with the Court's orders to appear at two scheduling conference, to meet and confer with Praxair, and to engage in discovery. These failures significantly impairs Praxair's ability to prepare for a trial. Moreover, a presumption of prejudiced arises when a plaintiff unreasonably delays the prosecution of an action. *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976). Accordingly, this factor weighs in favor of dismissal.

**C. Consideration of less drastic sanctions**

The Court "abuses its discretion if it imposes a sanction of dismissal without first considering the impact of the sanction and the adequacy of less drastic sanctions." *United States v. Nat'l Medical Enterprises, Inc.*, 792 F.2d 906, 912 (9th Cir. 1986). However, the Ninth Circuit has determined that a court's warning to a party that his failure to obey the court's order will result in dismissal can satisfy the "consideration of alternatives" requirement. *See Malone*, 833 F.2d at 133; *Ferdik*, 963 F.2d at 1262. As the Ninth Circuit explained, "a plaintiff can hardly be surprised" by a sanction of dismissal

"in response to willful violation of a pretrial order." *Malone*, 833 F.2d at 133.

The Court warned Berry repeatedly that his failure to comply with orders may result in the imposition of terminating sanctions. For example, in the "Order Setting Mandatory Scheduling Conference" dated December 8, 2020, the Court informed the parties that dismissal, may result "[s]hould counsel or a party appearing *pro se* fail to appear at the mandatory scheduling conference, or fail to appear at the mandatory scheduling conference." (Doc. 8 at 6, emphasis omitted.) When Berry failed to appear for the scheduling conference—forcing a continuation—the Court again warned, "Failure to comply with this order may be grounds for the imposition of sanctions on… any party or parties who cause non-compliance with this order." (Doc. 13, emphasis omitted.) Despite these orders, Berry twice failed to appear for conferences with the Court. Furthermore, the Court informed Berry that his failure to comply with the scheduling order may result in the imposition of sanctions, "including… dismissal." (Doc. 19 at 7, emphasis omitted.)

Significantly, these repeated warnings satisfy the requirement that the Court consider lesser sanctions. *See Ferdik*, 963 F.2d at 1262; *Henderson*, 779 F.2d at 1424; *Titus*, 695 F.2d at 749 n.6. Indeed, the Court need only warn a party once that the matter would be dismissed for failure to comply to satisfy the requirement. *Id.*; *see also Titus v. Mercedes Benz of North America*, 695 F.2d 746, 749 n.6 (3d Cir. 1982) (identifying a "warning" as an alternative sanction). Accordingly, this factor weighs in favour of dismissal of the action.

### D. Public policy

Given Berry's failure to prosecute the action— and his corresponding failure to comply with the Court's orders — the policy favoring disposition of cases on their merits is outweighed by the factors in favor of dismissal. *See Malone*, 833 F.2d at 133, n.2 (explaining that although "the public policy favoring disposition of cases on their merits … weighs against dismissal, it is not sufficient to outweigh the other four factors").

## IV. Conclusion and Order

Plaintiff failed to prosecute this action and failed to comply with the Court's orders dated December 8, 2020 (Doc. 8); February 25, 2021 (Doc. 13); March 31, 2021 (Doc. 19); and October 28,

2021 (Doc. 22). As set forth above, the factors set forth by the Ninth Circuit weigh in favor of dismissal of the matter. Accordingly, the Court **ORDERS**:

1. Defendant's motion to dismiss (Doc. 30) is **GRANTED**.
2. This action is **DISMISSED** with prejudice; and
3. The Clerk of Court is directed to close this action.

IT IS SO ORDERED.

Dated: **March 21, 2022**

UNITED STATES DISTRICT JUDGE